# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-187V
Filed: June 12, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LINDA JEANETTE DRIVER, | * |
| | *          NOT TO BE PUBLISHED |
| Petitioner, | * |
| | * |
| v. | *         Entitlement; concession; |
| | *        (Tdap) vaccine; brachial neuritis. |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Douglas Lee Burdette*, Burkett & Burdette, Seattle, WA, for Petitioner
*Alexis Babcock*, United States Department of Justice, Washington, DC, for Respondent

## UNPUBLISHED RULING FINDING ENTITLEMENT[1]

On March 12, 2013, Linda Driver (Petitioner) filed a petition seeking compensation for her injuries resulting from the administration of a tetanus-diptheria-acellular pertussis ("Tdap") vaccine. Petitioner seeks compensation pursuant to the National Childhood Vaccine Injury Act

---

[1]Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

1

of 1986, 42 U.S.C. § 300aa-10 <u>et</u> <u>seq.</u> ("Vaccine Act"). Petitioner alleged that she received the vaccination on June 20, 2012, and that she suffered brachial neuritis as a result.

In the Rule 4(c) report, Respondent conceded that Petitioner's claim is compensable under the Act.  Respondent stated that, in this case, Petitioner "suffered from a Table brachial neuritis, and that there was not a preponderance of evidence that the brachial neuritis was due to factors unrelated to the vaccination.  Therefore, compensation is appropriate."  Respondent's Rule 4 report at 4.

Special masters may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  42 U.S.C. § 300aa-13; Vaccine Rule 8(d).  The record demonstrates that seven (7) days following her receipt of the vaccinations, Petitioner sought medical treatment for complaints of left arm pain and numbness. Respondent's Rule 4 report at 2.  Due to Petitioner's ongoing complaints of "weakness and her muscles just not working right," Petitioner was referred to a neurologist. *Id.* at 3.  Petitioner underwent electrodiagnositic studies of the upper left extremity and was diagnosed with brachial neuritis or radiculitis.   Petitioner's Ex. 2 at 156-57.  Based upon a review of the record as a whole, the undersigned finds that Petitioner has established that she is entitled to compensation for her injuries.

**Accordingly, Petitioner is entitled to compensation.**  This matter shall now proceed to the damages phase.[2]

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] All preexisting deadlines are CANCELLED.